[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14008
Non-Argument Calendar
_____

Agency No. A97-331-954

JIE SUN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 24, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jie Sun, a native and citizen of China, seeks review of the Board of Immigration Appeals's (BIA's) decision dismissing his appeal of the Immigration Judge's (IJ's) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

Sun argued that he was entitled to asylum under INA § 101(a)(42), 8 U.S.C. § 1101(a)(42), because the Chinese government forcibly sterilized his wife after she gave birth to their second child. Sun's wife is not a party to this case and, in fact, continues to reside in China. The IJ found Sun incredible and denied his application. The BIA did not address the IJ's adverse credibility determination, but held as a matter of law that Sun was ineligible for asylum based on the intervening decision in Matter of J- S-, 24 I&N Dec. 520 (A.G. 2008) because he did not present evidence that he had experienced past persecution, or had a well-founded fear of future persecution, arising out of his opposition to China's family planning policies.

On appeal, Sun argues that (i) the BIA violated his due process rights by retroactively applying Matter of J-S-, which was decided after his trial concluded but before his BIA appeal; (ii) the BIA erred in declining to address the IJ's

adverse credibility finding; and (iii) the BIA erred in failing to submit his case to a three-member panel for decision.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision, and thus we will review only the BIA's decision.

To the extent that the BIA's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al-Najjar, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

## I. Due Process

Sun argues that the BIA violated his due process rights by retroactively applying Matter of J- S-, which substantially changed the standard of proof

3

required to establish a claim of asylum involving the forcible sterilization of a spouse.

Under INA § 101(a)(42), 8 U.S.C. § 1101(a)(42),

[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

In May 2008, the Attorney General held in Matter of J-S- that the spouse of a person who has been subjected to a forced sterilization procedure was not per se entitled to refugee status under INA § 101(a)(42), 8 U.S.C. § 1101(a)(42), but must establish that he or she was persecuted for resisting a country's coercive family planning policy or has a well-founded fear of future persecution for doing so. See 24 I&N Dec. at 535, 537-38 (overruling an earlier determination that forced sterilization entitled Chinese petitioners to refugee status). Sun claims that the BIA gave him no notice of the new standard, so he prepared his case and presented evidence in accordance with the former rule that he would be per se eligible for asylum if he proved that his wife was forcibly sterilized by the Chinese

government.[1]  Sun also claims that the BIA violated his rights by failing to give him notice that he should have presented other evidence at trial in addition to the fact that his wife was forcibly sterilized.  Sun argues that he did not have a meaningful opportunity to be heard because the legal standard changed after the close of his trial, and the BIA violated his due process rights by retroactively applying a rule that attached new legal consequences to his appeal.

Sun's argument regarding retroactivity is foreclosed by our decision in Yu v. U.S. Attorney General, No. 08-16068, manuscript op. (11th Cir. May 27, 2009), in which we held that the BIA's application of Matter of J-S- to cases that were open and on direct review when Matter of J-S- was decided did not involve an improper retroactive application of the law because the BIA was simply applying the "Attorney General's determination of what the law had always meant." Id. at 11-12 (emphasis in original).  "Once the Attorney General clarified the meaning of § 1101(a)(42)(B) in Matter of J-S-, that decision became the controlling interpretation of the law and was entitled to full retroactive effect in all cases still

---

[1] Sun has abandoned the issue of whether the Attorney General had the authority to issue his own interpretation of § 1101(a)(42) or whether the Attorney General's interpretation of § 1101(a)(42) was reasonable and thus entitled to Chevron deference, 467 U.S. 837 (1984), because he failed to present argument on either issue in his brief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005 (per curiam).  Nevertheless, any such argument would be foreclosed by recent precedent as set forth below.

5

open on direct review, regardless of whether the events predated the Attorney General's decision." Id. at 12-13. Thus, Sun cannot prevail on this issue.

In addition, we do not agree that Sun had no opportunity to present other evidence of past or future persecution. At his trial in front of the IJ, Sun told the full story of his wife's sterilization, which did not occur until after he had left China for the United States. Other than deciding, with his wife, not to abort her second (unintended) pregnancy, Sun presented no evidence of any resistance to China's population control policies.[2] The record supports the BIA's determination that Sun has failed to establish he is entitled to asylum, withholding of removal, or relief under CAT.

## II. Credibility Finding

Sun asserts that the BIA erred in failing to review the IJ's adverse credibility determination and argues that we should review it directly. However, given our earlier determination that the BIA correctly disposed of the case under Matter of J-S-, there is no need to address Sun's credibility (or any other remaining issues).[3]

---

[2] There may be situations in which reliance on the BIA's former policy might merit a remand to permit a Petitioner to present evidence of other resistance. However, there is nothing in the record to indicate what other evidence of resistance Sun could have offered, nor does Sun say.

[3] The IJ's adverse credibility determination was based on certain "suspicious" documents introduced by Sun to prove that his wife had undergone forced sterilization. The BIA's decision, however, turned on whether Sun had established past or future persecution based on his own opposition to China's population control policy and therefore, in effect, the BIA assumed that Sun had been truthful about the fact that his wife had been sterilized. Therefore, the credibility

6

Moreover, as noted above, when the BIA issues a decision, we review only that decision except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar, 257 F.3d at 1284. Because the BIA did not expressly adopt the IJ's decision as to Sun's credibility, we may not review the issue. Therefore, to the extent Sun seeks review of the IJ's credibility determination, his petition is dismissed.[4]

### III. One-Member Panel Review

Finally, Sun argues that the BIA erred in failing to submit his case to a three-member panel instead of streamlining it for review by a one-member panel. A board member may assign a case for review by a three-member panel if certain circumstances are present. 8 C.F.R. § 1003.1(e)(6). Because Sun did not have an automatic right to a three-member panel, the BIA did not err in exercising its discretion to assign only one member to his panel. Sun's petition is denied in this regard.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

determination had no bearing on the BIA's decision and need not have been addressed.

[4] Sun also argues that the IJ erred by (1) setting unfair time limitations on the asylum proceedings, resulting in incomplete interpretation and clarification by the translator; and (2) allowing improper testimony by the government attorney. We lack jurisdiction to consider these claims because Sun did not raise them before the BIA. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).